UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AMORETTE E. SALATA,

        Plaintiff,

v.                                      Case No: 6:21-cv-1001-GJK

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

## MEMORANDUM OF DECISION[1]

Amorette Salata ("Claimant") appeals from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for supplemental security income filed on April 5, 2019, her alleged disability onset date. Doc. No. 1; R. 25. Claimant argues that the decision should be reversed because the ALJ erred in failing to evaluate properly the medical opinion of Claimant's treating physician in determining Claimant's residual functional capacity ("RFC"). Doc. No. 25 at 9-20; R. 39, 442-45. Because Claimant did not demonstrate reversible error by the ALJ, the final decision of the Commissioner is **AFFIRMED.**

---

[1] Magistrate Judge David A. Baker substituting for Magistrate Judge Gregory J. Kelly.

## I.   STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla–i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." (alteration in original)); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Bloodsworth v. Heckler*, 703 F.2d

1233, 1239 (11th Cir. 1983).

## II.   ANALYSIS.

The ALJ found that Claimant had the following severe impairments: obesity; degenerative disc disease of the cervical and lumbar spines; fracture of the left tibia, status post open reduction and internal fixation; hypertension; migraine headaches; depressive disorder; anxiety disorder; attention deficit hyperactivity disorder; and alcohol, cannabis, nicotine, and opioid dependence. R. 27. Despite these impairments, the ALJ found that Claimant had the RFC

> to perform sedentary work as defined in 20 CFR 416.967(a). However, she is limited to no climbing ladders, ropes, and scaffolds; occasional climbing ramps and stairs, stooping, and crouching; frequent balancing, kneeling, and crawling; no work at unprotected heights and no operating a motor vehicle; no operation of foot controls with the left lower extremity; and she is mentally limited to performing simple tasks and making simple work-related decisions.

R. 32.[2] On the basis of testimony from a vocational expert, the ALJ found that Claimant could not perform her past relevant work as a sales clerk and hostess but that she could perform other work in the national economy, such as a call-out operator, document preparer, or addresser. R. 40-42. The ALJ thus found that Claimant was not disabled since the application date of April 5, 2019. R. 42.

---

[2] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 416.967(a). "Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *Id.*

Claimant argues that the ALJ erred in determining her RFC by not properly evaluating the medical opinion of Chris Brouillette, M.D., Claimant's treating physician who completed a "Physical Residual Functional Capacity Questionnaire" on August 4, 2020. Doc. No. 25 at 9-20; R. 39, 442-45. Dr. Brouillette

> opined that the claimant's symptoms constantly interfere with attention and concentration needed to perform even simple work tasks, and is incapable of even "low stress" jobs. Dr. Brouillette also opined that the claimant is unable to walk even a block, is unable to stand for even 10 minutes, has to alternate between sitting and standings [sic], can never lift even 10 pounds, can never turn her head, look up, can never perform any postural activities, and would miss over four days of work a month.

R. 39 (citing R. 442-45). The ALJ found Dr. Brouillette's opinion "unpersuasive, since Dr. Brouillette appears to have a very limited history of treating the claimant, as Dr. Brouillette only saw the claimant three times." R. 39. "Further, Dr. Brouillette['s] opinion is not consistent with her own examination, and the overall examination of record." R. 39. "[P]hysical examinations showed that, although there is some diminished range of motion of the cervical and lumbar spine, other systems were unremarkable." R. 39. "For instance, the record shows that [Claimant] has maintained full range of motion in all other major joints, normal strength in all major muscle groups, normal neurological findings, normal heart and lung sounds, normal abdominal and head examination, in sum, unremarkable examination of all other major organs and systems." R. 39.

In 2017, the Social Security Administration revised its regulations regarding the consideration of medical evidence, with those revisions applicable to all claims filed after March 27, 2017. *See* 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017). The revisions redefined terms related to evidence; revised how the agency considers medical opinions and prior administrative medical findings; and revised rules about treating sources, acceptable medical sources, and medical and psychological consultants. *Id.*; *see* 20 C.F.R. § 416.920c. The final rules became effective on March 27, 2017. 20 C.F.R. § 416.920c. Because Claimant applied for benefits after March 27, 2017 (R. 25), the new regulations apply in this case.

Under the new rules, an ALJ must apply the same factors in the consideration of the opinions from all medical sources and administrative medical findings, rather than affording specific evidentiary weight to any particular provider's opinions. 20 C.F.R. § 416.920c(a). "The ALJ will articulate in the administrative decision how persuasive all of the medical opinions are in the case record . . . ." *Swingle v. Comm'r of Soc. Sec. Admin.*, No. 6:20-cv-365, 2020 WL 6708023, at *2 (M.D. Fla. Nov. 16, 2020) (citing 20 C.F.R. § 404.1520c(b)). The ALJ must consider (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" in assessing an opinion's persuasiveness. 20 C.F.R. § 416.920c(c)(1)-(5). Supportability and

consistency constitute the most important factors in any evaluation of a medical opinion, and the ALJ must explain the consideration of those two factors. *Id.* § 416.920c(b)(2). Thus, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s)," and "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § 416.920c(c)(1)-(2); *see Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021) ("Overall, supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record."). The ALJ may, but is not required to, explain how the ALJ considered the remaining three factors (relationship with claimant, specialization, and "other factors"). 20 C.F.R. § 416.920c(b)(2).

Here, the ALJ stated that she had "considered the medical opinion(s) and prior administrative medical finding(s) in accordance with the requirements of 20 CFR 416.920c." R. 32. Claimant maintains, however, that "[t]he reasons by the ALJ for finding Dr. Brouillette's opinion unpersuasive do not hold up." Doc. No. 25 at

20. According to Claimant, the ALJ erred in finding that the prior administrative medical findings of the state agency consultants and the opinion of the consultative examiner were more persuasive than Dr. Brouillette's opinion. *Id.* at 10-11. But "[t]o the extent that [Claimant] argues that the ALJ erred in crediting medical opinions of medical consultants who did not examine [Claimant] [or examined Claimant once] when the ALJ discredited Dr. [Brouillette's] opinion, [Claimant] fails to take into account" that the ALJ found some of the opinions of these other consultants to be mostly consistent with the overall evidence of record, including Claimant's history of left leg pain (R. 37-38). *Schronce v. Comm'r of Soc. Sec. Admin.*, No. 820CV03586TLWJDA, 2021 WL 6927549, at *10 n.10 (D.S.C. Nov. 5, 2021) (citing 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2)), *report and recommendation adopted*, No. 8:20-3586-TLW, 2022 WL 463555 (D.S.C. Feb. 15, 2022). Claimant erroneously relies on *Schink v. Commissioner of Social Security*, 935 F.3d 1245, 1260-61 (11th Cir. 2019) (per curiam), because that case related to a claim for disability benefits filed before March 27, 2017. Rather, the new regulatory scheme for claims filed on or after March 27, 2017, "no longer requires the ALJ to either assign more weight to medical opinions from a claimant's treating source or explain why good cause exists to disregard the treating source's opinion." *Matos v. Comm'r of Soc. Sec.*, No. 21-11764, 2022 WL 97144, at *4 (11th Cir. Jan. 10, 2022) (per curiam) (unpublished). Claimant thus argues to no avail that "the entire

determination regarding the opinion of Dr. Brouillette is invalid." Doc. No. 25 at 11.

Claimant further contends that the ALJ erred in considering the supportability and consistency of Dr. Brouillette's opinion. Doc No. 25 at 11-20. The Court may not, however, decide the facts anew, make credibility determinations, or reweigh the evidence. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021). Because substantial evidence supports the decision of the ALJ, who applied the correct legal standards in this case, the Court affirms the Commissioner's final decision.

### III. CONCLUSION.

From the record, it is apparent that Claimant suffers from various conditions that negatively affect her enjoyment of life and, to some degree, her daily activities. The presence of Claimant's adverse circumstances, however, is not the issue before the Court. Rather, the issue is whether, under the standards applicable to review of ALJ decisions applying the provisions of the social security statutes and regulations, there has been reversible error.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and
2. The Clerk is directed to enter judgment for the Commissioner and close the case.

**DONE** and **ORDERED** in Orlando, Florida, on June 10, 2022.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Enrique Escarraz , III
Law Office of Enrique Escarraz, III
2500 First Ave. South
PO Box 847
St. Petersburg, FL 33731

Roger B. Handberg
United States Attorney
John F. Rudy, III
Assistant United States Attorney
400 N. Tampa St.
Suite 3200
Tampa, FL 33602

John C. Stoner, Acting Regional Chief Counsel
Brian Seinberg, Acting Deputy Regional Chief Counsel
Megan E. Gideon, Branch Chief
Joseph P. Palermo, III, Assistant Regional Counsel
Nadine Elder
Social Security Administration
Office of the General Counsel, Region IV
Sam Nunn Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303

The Honorable Angela L. Neel
Administrative Law Judge
Office of Hearings Operations
3505 Lake Lynda Dr., Ste. 300
Orlando, FL 32817-8338